UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                              Case Number 08-20520
                                              Honorable David M. Lawson

v.

DUANE SULLIVAN,

        Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

On October 15, 2013, defendant Duane Sullivan filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). He asks the Court retroactively to apply the reduced crack cocaine sentencing guidelines enacted under the Fair Sentencing Act of 2010, citing principally the decision of the Sixth Circuit in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). However, on July 11, 2013, the Sixth Circuit granted the government's petition for rehearing *en banc* in *Blewett*. Upon rehearing, the Sixth Circuit held that "(1) the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect; (2) § 3582(c)(2) does not provide a vehicle for circumventing that interpretation; and (3) the Constitution does not provide a basis for blocking it." *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (*en banc*).

The defendant pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, contrary to 21 U.S.C. § 841(a)(1), and possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g)(1). On June 7, 2010, the Court sentenced him to 120 months in prison on the drug count and 60 months on the firearm count, to be served concurrently. On September 9, 2010, the Court denied the defendant's previously filed motion to reduce his

sentence, because it concluded that the defendant was not entitled to the benefit of any guideline range that had been amended, where his guideline range was dictated by a statutory mandatory minimum sentencing provision. *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). In his present motion, the petitioner asks the Court to reduce his sentence under the authority of the original panel decision in *Blewett*. However, that panel decision was vacated, and the Sixth Circuit, in its later *en banc* decision, reaffirmed the rule that "the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect." *Blewett*, 746 F.3d at 650. Sullivan was sentenced on June 7, 2010, before the Fair Sentencing Act took effect on August 3, 2010, and the reduced mandatory minimums under the Act therefore do not apply to him.

Accordingly, it is **ORDERED** that the defendant's motion to reduce sentence [dkt. #452] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 2, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI